1  Drew H. Sherman, SBN 237045
      drew.sherman@adlilaw.com
2  A. Tyler Mellos, SBN 294501
3     tyler.mellos@adlilaw.com
   ADLI LAW GROUP, P.C.
4  444 South Flower St., Suite 3100
5  Los Angeles, California 90071
   Telephone: (213) 623-6546
6  Facsimile: (213) 623-6554

7
   Attorneys for Plaintiffs,
8  Liberty Group, LLC and David Hollander

9

10              **UNITED STATES DISTRICT COURT**

11              **CENTRAL DISTRICT OF CALIFORNIA**

12

13  LIBERTY GROUP, LLC, a California          Case No.  2:16-CV-03122
    limited liability company; and DAVID
14  HOLLANDER, an individual;

15                                            **PLAINTIFF'S COMPLAINT FOR
                                              DECLARATORY RELIEF
                    Plaintiffs,               28 U.S.C. §§ 2201**
16

17  v.                                        **JURY TRIAL DEMANDED**

18
    BAYLISS MEDIA GROUP, INC., a
19  California corporation; and JOE
    BAYLISS, an individual;
20

21                  Defendants.

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF 28 U.S.C. §§ 2201

*ADLI LAW GROUP, P.C.*
*www.adlilaw.com*
*(213) 623-6546*

1915.201

Plaintiffs Liberty Group, LLC and David Hollander (individually referred to as "Hollander") (collectively referred to as "Liberty Group" or "Plaintiffs") alleges as follows for its complaint against Bayliss Media Group, Inc. ("BMG") and Joe Bayliss (collectively referred to as "Defendants").

## THE PARTIES

1.     Plaintiff Liberty Group, LLC is a limited liability company existing under the laws of California with its principal place of business at 411 30th Street, 2nd Floor, Oakland, CA 94609.

2.     Plaintiff David Hollander is an individual residing at 411 30th Street, 2nd Floor, Oakland, CA 94609.

3.     Upon information and belief, Bayliss Media Group Inc. is a corporation organized under the laws of California and having its principal place of business at 322 Ebb Tide Lane, Pismo Beach, CA 93446.

4.     Upon information and belief, Joe Bayliss is an individual residing at 322 Ebb Tide Lane, Pismo Beach, CA 93446.

## JURISDICTION AND VENUE

5.     This action arises under the copyright laws of the United States, Title 17 of the United States Code, § 101 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.   An actual, substantial, and continuing justiciable controversy exists between Plaintiffs and Defendants that requires a declaration of rights by this Court.

6.     This Court has subject matter jurisdiction over the copyright infringement claim pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b) in that the claim arises in this judicial district, and that the Defendants may be found and/or transact business in this Judicial District, and that the injury suffered by Plaintiffs took place in this judicial district.   Defendants are subject to general and specific personal jurisdiction of this Court because of their incorporation

ADLI LAW GROUP, P.C.
(213) 623-6546

1915.201

1

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF 28 U.S.C. §§ 2201

1  in the State of California.

2  ## FACTUAL BACKGROUND

3      8.     Defendants claim to be the owner of U.S. Copyrights in certain scripts

4  for radio shows episodes and commercials Defendants claim to have created for

5  Plaintiffs (collectively referred to as the "Subject Works") copies of which are

6  attached herewith as **Exhibit A.**

7      9.     On or about March 30, 2016, BMG, through its counsel, contacted

8  Plaintiffs by letter (the "March 30 Letter"), claiming among other things, that the

9  Subject Works are protected by copyrights that BMG owns, that BMG considers

10  Plaintiffs' use of the Subject Works after June 30, 2015 to be infringing, and that these

11  alleged infringements occurred "after [the copyrights'] effective dates of registration."

12  A copy of the March 30 Letter is attached herewith as **Exhibit B.**

13      10.    The March 30 Letter also identified some, and alluded to others, of the

14  Subject Works BMG believes Plaintiffs were allegedly infringing (collectively

15  referred to as the "Accused Media").

16      11.     BMG in its March 30 Letter demanded a payment to "cover past

17  damages, a retroactive license for the materials, and its attorneys' fees and costs to

18  date." BMG also offered a license to Plaintiffs for them to use the Subject Works in

19  the future. The March 30 Letter further stated that "BMG is entitled to "statutory

20  damages…as well as recovery of costs and attorneys' fees".

21      12.    On April 26, 2016, Plaintiffs responded (the "April 26 Response") to

22  BMG's March 30 Letter, stating among other things that Plaintiffs disagreed with

23  BMG's beliefs expressed in its letter.  In this regard, the April 26 Response described

24  in detail why BMG's allegations of copyright infringement are without merit and

25  stated, among other things, that Plaintiffs do not believe they infringed the Subject

26  Works.  A copy of the April 26 Response is attached herewith as **Exhibit C.**

27      13.    The Accused Media on which BMG bases its potential claim for

28  copyright infringement, is either Plaintiffs' own work, or co-owned by Hollander and

ADLI LAW GROUP, P.C.
(213) 623-6546

1915.201

2

Defendants.  Hollander made substantial, material additions and revisions to most, if not all of BMG's original Subject Works scripts, with Defendant's knowledge and consent, prior to their first broadcast (or publication).  This knowledge and consent is memorialized in email exchanges between Bayliss and Hollander.

14.    These additions and revisions were necessary for the Accused Media, as well as for some of the rest of the Subject Works, to be accurate and serve the express purposes for which they were created and to be used by Plaintiffs.  This necessity arose out of the fact that Bayliss had minimal experience in the financial services business.

15.    There was never any written agreement or a signed work-for-hire between Bayliss and/or BMG on the one hand and Hollander and/or Liberty Group, LLC on the other hand, related to the Subject Works.

16.    Moreover, even if Hollander's modifications to the Subject Works did not render them co-authors, none of the Subject Works were first published within the three-month window mandated by 17 U.S.C. §412 (2), which disqualifies Defendants from any statutory damages and attorneys' fees for the infringements Defendants claim Plaintiffs committed on the Subject Works.

17.    As a result of BMG's assertions that Plaintiffs are infringing the Subject Works, and Plaintiffs' denial of the same, an actual and justiciable controversy exists between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 as to the alleged infringement of the Subject Works.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of the Subject Works)**

18.    Plaintiffs restate and incorporate by reference the allegations in paragraphs 1 through 17 above.

19.    An actual controversy has arisen and now exists between the parties with respect to the alleged infringement of the Subject Works.  Plaintiffs contend that their

3

ADLI LAW GROUP, P.C.
(213) 623-6546

1915.201

ADLI LAW GROUP, P.C.
(213) 623-6546

1 use of the Subject Works after June 30, 2015 does not infringe BMG's alleged

2 copyrights in them including without limitation, any validly registered copyrights in

3 them filed by BMG.   Upon information and belief, Defendants dispute these

4 contentions.

5   20.   The allegations of copyright infringement by BMG have placed a cloud

6 over Plaintiffs' financials services and other businesses and are likely to cause

7 Plaintiffs to lose revenues and business opportunities.   Defendant's actions and

8 assertions will consequently likely cause irreparable injury to Plaintiffs.

9   21.   Pursuant to 28 U.S.C. §§ 2201 and 2202, a judicial determination of the

10 respective rights of the parties with respect to the alleged infringements of the Subject

11 Works is necessary and appropriate under the circumstances.

12

13 Dated: May 5, 2016              ADLI LAW GROUP, P.C.

14

15                                By: */s/ Drew H. Sherman*

16                                    Drew H. Sherman, Esq.

17                                    A. Tyler Mellos, Esq.
                                     *Attorneys for Plaintiff,*
18                                    LIBERTY GROUP, LLC

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF 28 U.S.C. §§ 2201

1915.201

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.      For a judicial declaration that Plaintiffs have not infringed the Subject Works after June 30, 2015;

B.      For a judicial declaration that Defendants are not entitled to statutory or other damages for or injunctive relief against any alleged infringement by Plaintiffs;

C.      For a judicial declaration that Defendants are not entitled to an award of attorneys' fees and costs for pursuant to 17 U.S.C. §§ 412 and 505;

D.      Finding that this is an exceptional case under 35 U.S.C. § 285;

E.      For an order awarding Plaintiffs its costs, expenses, and reasonable attorneys' fees as provided by law; and

F.      For such other and further relief as the Court deems just and proper.


Respectfully submitted,


Dated: May 5, 2016          ADLI LAW GROUP, P.C.


By: */s/ Drew H. Sherman*
    Drew H. Sherman, Esq.
    A. Tyler Mellos, Esq.
    *Attorneys for Plaintiff,*
    LIBERTY GROUP, LLC

ADLI LAW GROUP, P.C.
(213) 623-6546

1915.201

5

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF 28 U.S.C. §§ 2201

1

## **DEMAND FOR JURY TRIAL**

2

3        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands

4   a trial by jury on all issues triable as such.

5

6   Dated: May 5, 2016                     ADLI LAW GROUP, P.C.

7

8                                          By: */s/ Drew H. Sherman*

9                                              Drew H. Sherman, Esq.
                                               A. Tyler Mellos, Esq.
10                                             *Attorneys for Plaintiff,*
11                                             LIBERTY GROUP, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADLI LAW GROUP, P.C.
(213) 623-6546

1915.201

---

6

PLAINTIFF'S COMPLAINT FOR DECLARATORY RELIEF 28 U.S.C. §§ 2201